Jeffrey E. Rolig (ISB #2159)
JEFFREY E. ROLIG, P.C.
139 River Vista Place, Ste. 104
P.O. Box 5455
Twin Falls, ID 83303-5455
Telephone: 208-733-0075
FAX: 208-733-0717
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL VON JONES, | ) | Case No. 1:11-cv-00027 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| CHAPUNGU SAFARIS, a partnership; RAYMOND TOWNSEND and PATRICIA TOWNSEND, husband and wife; JACQUES HARTZENBERG and SONJA THOMPSON, Husband and wife; WARREN THORNE and ANDREA THORNE, husband and wife, and JEREMIAH MUSUNURI, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION

COMES NOW the plaintiff, Michael Von Jones, and for cause of action against the defendants, complains and alleges as follows:

1.  Plaintiff is a resident of Twin Falls County, Idaho.

2.  Defendants are aliens, being citizens of the countries of Zimbabwe and/or South Africa. Chapungu Safaris at all times relevant hereto has been a partnership

Complaint - 1

organized under Zimbabwe law and operating in Zimbabwe. The named individuals are or were at all relevant times were partners in Chapungu Safaris. As partners, the named individuals are personally liable for the debts and obligations of Chapungu Safaris.

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332, because this action is between a citizen of the State of Idaho and citizens of one or more foreign states; and the amount in controversy exceeds $75,000.00.

## CAUSES OF ACTION

### COUNT ONE – BREACH OF CONTRACT

4. At all times relevant hereto, the defendants operated a business known as Chapungu Safaris ("Chapungu" herein) that conducted big-game hunting safaris in Africa for its customers. Plaintiff learned of defendants' safari business through Internet advertising and a web page for defendants' business, and beginning in 2005 and continuing until 2007, plaintiff, for valuable consideration paid, participated in big-game safaris conducted by the defendants.

5. After the 2006 hunt, defendant Chapungu presented plaintiff with a bill for the hunt. The billing contained numerous errors, including but not limited to an overcharge of $5,000.00 for an elephant taken and an overcharge of $500.00 for a leopard taken.

6. In 2007, plaintiff again hunted with defendant Chapungu Safaris. Issues again arose as to overcharges on the bill.

7. On about December 23, 2008, the parties met, and defendant Patricia Townsend presented plaintiff with a bill for 2006 and 2007. The 2006 billing contained

"adjustments" which increased the billed amount from $41,902 to $61,460. The 2007 billing included approximately $10,000.00 of overcharges.

8. After plaintiff contested the new billing charges, on December 25, 2008, an argument occurred between plaintiff and defendant Ray Townsend regarding a 1999 Toyota Landcruiser owned by plaintiff which Townsend had disposed of without plaintiff's authorization. In response, defendant Patricia Townsend presented plaintiff with yet another billing. The new, Christmas Day billing included a new charge of $14,400.00 for a 2007 buffalo hunt that never happened, and it omitted credit for $26,500.00 of cash payments by plaintiff that had been credited in the previous billing. These details resulted in $40,900.00 of billing overcharges, in addition to various other items in dispute on the 2007 bill. The Christmas Day billing also contained other overcharges in excess of $4,000.00, and it failed to give credit for various, numerous personal property items having a value in excess of $13,000.00 that plaintiff had brought to defendants in Africa, the value of which was supposed to be credited upon plaintiff's bills.

9. As a result of defendants' erroneous billings, which were in breach of the parties' contract, plaintiff has been damaged in an amount in excess of $50,000.00, the exact amount of which will be proven at trial.

## COUNT TWO - CONVERSION

10. In 2008, plaintiff transported to Zimbabwe certain motor vehicles, which plaintiff and Ray Townsend had agreed Townsend would sell for plaintiff on a commission basis. Those vehicles included:

| Vehicle | Market Value, U.S. Dollars |
|---|---|
| 2003 Chevy Suburban | $65,000 |
| 2004 Ford F350 4x4 diesel pickup | $43,000 |
| 1999 Toyota Landcruiser wagon | $28,000 |

Complaint - 3

| | |
|---|---|
| 1999 Toyota Landcruiser wagon | $22,000 |
| 2005 Landrover Anabel | $28,000 |
| 2005 Landrover Anabel | $28,000 |

After the vehicles were brought to Zimbabwe, the Landcruiser worth $28,000.00 disappeared. Upon inquiry by plaintiff, Ray Townsend took the position that he had traded it to purchase a parcel of land for plaintiff. Such a trade was never authorized by plaintiff; and upon further inquiry, he learned the land which purportedly was the subject of the purchase was essentially worthless. However, Townsend refused to return the vehicle to plaintiff.

11. After the dispute over the safari billings, defendants Ray and Patricia Townsend informed plaintiff in early 2009 that they were holding the vehicles in payment of the safari billings, which again was totally unauthorized by plaintiff. Plaintiff has not seen the vehicles since 2008, and he does not know what Townsends have done with them.

12. As a direct and proximate result of defendants' unauthorized taking, concealment and presumed disposition of said vehicles, plaintiff has been damaged in a sum of at least $214,000.00 U.S. dollars.

## COUNT THREE – FRAUD

13. Plaintiff repleads and incorporates by reference paragraphs 1 through 12.

14. Plaintiff took the above-described vehicles to Zimbabwe in good faith reliance upon an agreement he had with Ray Townsend, under which Townsend was to sell the vehicles on plaintiff's behalf, for which he would be paid a commission. However, either before or after plaintiff took the above-described vehicles to Zimbabwe, defendants agreed and conspired to create the above-described overstated, false

billings as a pretense for taking possession of the vehicles. Defendants then presented the false billings to plaintiff; and when he protested the amounts, they fraudulently took possession of and disposed of the vehicles, to plaintiff's damage in a sum of at least $214,000.00 U.S. Dollars.

WHEREFORE, plaintiff prays for entry of judgment as follows:

1. For money damages in a sum of $214,000.00, or such additional amount as is proven at trial.

2. For an award of costs of suit, attorney fees, and such other and further relief as the court deems reasonable.

DATED this 21st day of January, 2011.

JEFFREY E. ROLIG, P.C.

By: /s/ Jeffrey E. Rolig
Jeffrey E. Rolig

Complaint - 5